UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CELESTINE HOPKINS                   CIVIL ACTION: 11-1836

Vs.                                                         SECTION: SECT. A MAG. 1

ORLEANS PARISH SCHOOL BOARD,       MAGISTRATE:
RECOVERY SCHOOL DISTRICT in their
official capacities, UNITED TEACHER OF NEW ORLEANS,
( UTNO ) in its official capacity, PAUL VALLS, personally and in
his official capacity as Superintendent of RECOVERY SCHOOL
DISTRICT, SAMETTA BROWN, personally and in her official capacity
as Executive Director of Human Resources, LARRY SAMUEL, in his
capacity as attorney for U. T. N. O., LARRY J. CARTER in his capacity
as president of U. T. N. O.

FILED:_____, 2011            _____

                                                                   CLERK OF COURT

## PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

I.

### JURISDICTION

Jurisdictional authority of this court to hear and decide this case is invoked pursuant to U.S. Constitution Article III § 2, Clause 1, 28 U.S.C.A. §§ 1331 and 1343 for the action / inaction of defendants in violation of U.S. Constitution 14th Amendment Due Process and Equal Protection Clause, Title I of the American with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., 42 U.S.C. §§ 1983; 1985 and 1986. Pendente jurisdiction is invoked pursuant to Louisiana civil code article 2315.

II.

### PARTIES

1. Celestine Hopkins is a person of full age of majority and domicile in the Parish of Orleans.

2. Recovery School District is a governmental component of the Orleans Parish School Board operating under the authority of the State of Louisiana.

3. United Teachers of New Orleans is a domestic corporation / union operating in the Parish of Orleans, authorized by the State of Louisiana.

4. Paul Valls is a person of full age of majority and Superintendent for the Recovery School District.

5. Sametta Brown is a person of full age of majority and Executive Director of Human Resources for Recovery School District.

6. Larry Samuel is a person of full age of majority and Attorney for U.T.N.O.

7. Larry J. Carter is a person of full age of majority and President for U.T.N.O.

III.

STATEMENT OF THE CASE

1. Plaintiff, Celestine Hopkins is a tenured employee working in the capacity of Licensed Health Professional/ Child Specific with a rate of pay of $18.69 per hour for Recovery School District.

2. Defendant, Recovery School District, hereinafter referred to as ( RSD ), is a government entity that receives its operating funds from the federal government through the State of Louisiana.

3. Defendant, United Teachers of New Orleans, hereinafter referred to as ( UTNO ), is responsible for providing legal representation on behalf of its dues paying members in their employment capacities when conflict arises with RSD.

4. Celestine Hopkins was a tenured state service employee governed by policies and procedures of RSD, State and Federal Constitution and laws, and had a property interest and right in her employment.

5. Plaintiff prior to filing this lawsuit sought remedy through RSD, U.T.N.O. and Equal Employment Opportunity Commission, whom issued her a Notice of Right to Sue.

6. Plaintiff avers that, defendants, Paul Valls and Sametta Brown engaged in dialogue regarding her employment with RSD, and agreed to terminate her employment on July 30, 2010 at Schaumburg Elementary School on the basis of being unable to perform the duties described in her Job Description.

7. Plaintiff as a result of the adverse action taken by Paul Valls and Sametta Brown loss her tenure and fringe benefits attached to her employment.

8. Plaintiff received a notice of termination letter from Paul Valls on July 29, 2010, and requested but was not afforded and opportunity to challenge the decision as she was undergoing medical treatment from a job related injuries.

9. Plaintiff is a member of U.T.N.O., and dues to obtain representation as a member of the union.

10. Plaintiff contacted the office of Larry J. Carter to no avail, and spoke with Larry Samuel of U.T.N.O. and reported the incident and requested representation against the action of RSD.

11. Plaintiff alerts the court that, Mr. Samuel informed her that it was a shame what they were doing, but he could not do anything about the matter. Larry J. Carter either knew or should have known of the incident from Larry Samuel.

12. Plaintiff contends that, U.T.N.O. and defendants Larry Samuel and Larry J. Carter failure to represent her in the conflict with RSD relative to her job related concerns constitute a consent by silence in concert of the action.

13. Plaintiff avers that, RSD should permitted her prognosis prior to termination of her job position, and afforded a grievance hearing on the matter to avoid violation of her right as an employee.

14. Plaintiff avers that, action / inaction of RSD was discriminatory on the basis of her disability.

15. Plaintiff avers that, she was entitled to representation and an investigation by U.T.N.O. into the practices by defendants for protection against adverse action taken by RSD which did not receive from her union.

16. Plaintiff avers that, collective actions / inactions of defendants in the termination of her employment violated RSD policies and her constitutional due process and equal protection.

17. Plaintiff avers that, collective actions / inactions of defendants deprived her of her property interest and right, while acting under the color of state authority.

18. Plaintiff avers that, collective actions / inactions of defendants deprived her of her liberty to earn a living in violation of her constitutional right.

19. Plaintiff has suffered and continues to suffer a loss / damages as a result of defendants actions / inactions.

20. Plaintiff avers that, she will continue to suffer harm without the intervention of the court.

PRAYER FOR RELIEF

1. Plaintiff prays this Honorable court allows this case to be tried by a jury in exercise of her right pursuant to the U.S. Constitution 7th Amendment.

2. Plaintiff prays this Honorable subsequent due proceeding finds defendant in violation of the constitution and statutes asserted in the jurisdictional statement in this complaint.

3. Plaintiff prays this Honorable court awards punitive damages for the actions / inactions of defendant parties.

**WHEREFORE,** plaintiff prays that this Honorable court issue summons with a copy of the complaint on defendant parties, and they are held to appear and answer same, and after all legal delays and due proceeding that judgment issue in favor of plaintiff against defendants for all general and equitable relief proper in premise including but not limited to cost of court, attorney fees, out of pocket expenses, penalties and interest from judicial date of demand until paid in full.

RESPECTFULLY SUBMITTED

BY: _____

Celestine Hopkins / In Proper Person
7211 Salem Drive
New Orleans, LA.70127
( 504 ) 913-6236

Please Serve:

Paul Valls
Recovery School District
1641 Poland Avenue
New Orleans, LA.70117

Sametta Brown
Schaumburg Elementary School
9501 Grant Street
New Orleans, LA.70127

U.T.N.O.
Through its agent for service of process
Larry Samuel
715 Girod Street
New Orleans, LA. 70130

Larry Samuel
715 Girod Street
New Orleans, LA. 70130

Larry J. Carter
Through his registered agent for service of process
Larry Samuel
715 Girod Street
New Orleans, LA. 70130